### GREEN v. BEATTY, POLHEMUS AND AXFORD.

1. The court will, on application of a *cestui que trust*, set aside a release fraudulently given by the trustee to defeat the action.

2. The fact of there being a trust, may be made out by proof *de hors* the record.

Beatty and his wife had executed articles of agreement to separate. In pursuance of their agreement, Beatty, and the other defendants as his sureties, entered into a bond to Green, as trustee for the wife, conditioned to perform the articles, one part of which was to pay an annuity to the wife.

This action was brought in the name of Green, on the trust bond, to recover the sum due on this annuity, and the defendants pleaded, in bar, a general release given by Green.

---

Green v. Beatty, Polhemus and Axford.

---

*Leake,* for the wife, moved to have this release set aside, on the ground of fraud, alleging it was a breach of the trust, and had been given against the consent of the wife.   He cited *Sheppard's Touchstone* 501, 2, 3, (6*th edit.*); *Buller's N. P.* 116, 117; *Lade* v. *Holford,* 3 *Burr.* 1416; *Goodtitle* v. *Knot, Cowp.* 43, 46; *Holdfast* v. *Clapham,* 1 *T. R.* 600; *Goodtitle* v. *Morgan,* 1 *T. R.* 761; *Burgess* v. *Wheate,* 1 *Bl. Rep.* 123, 162; *Anonymous,* 1 *Salk.* 260; *Pye* v. *George,* (*a*) 2 *Salk.* 680, *pl.* 8; 1 *P. Wms.* 128, *S. C.;  Mansell* v. *Mansell,* 2 *P. Wms.* 678; *Garth* v. *Cotton* (4*th Resolution*), 3 *Atk.* 751, 754; *Moore* v. *Goodright,* 2 *Str.* 899, 900.

*Howell* and *Stockton, contra,* said that this was a fair and legal plea, in bar of the action.   It appears that Green was [143] something more than a mere trustee; he is in some measure a principal, and interested himself in his own right, for he has covenanted to save Beatty harmless against any claim for dower.   The cases cited are all cases of ejectment, where the trustees could neither have lost nor gained, but were merely representatives of the rights of others.   The court cannot interpose in this manner and decide against the release, nor can they say that the money has not been paid.   If this release was fraudulent, as has been alleged, the case of *Winch* v. *Keeley,* 1 *T. R.* 619 ; proves that the fraud should have been pleaded, that the parties might have gone to issue on that question, and have had it tried by a jury, which is the tribunal appointed by our laws and constitution.

*Leake* in reply.   The course we have taken is the correct, and in fact the only one that could have been pursued.   We are compelled to use Green's name in the suit, and it would have been an absurdity to plead his own fraud in giving the release.

KINSEY, C. J.   Though a bond, on strictly legal principles, is not assignable, yet in equity it is, and courts of law have

· (*a*) The decree in this case was affirmed in the House of Lords.   1 *Br. Parl. Ca.* 359.

permitted an assignee to sue on a specialty in the name of the assignor, and even to avoid any payment made to the assignor after due notice to the obligor of the assigment. (*a*) This has long been the received law. This is a right and not a favor; and if a right, it follows *ex debito justitiæ* that the *cestui que trust* must be protected against any fraudulent attempts of the trustee, in violation of his duty, to destroy the action.

It has been said there is nothing in the bond, condition, or plea from which the court can infer that Green is a trustee, and that we are not permitted to go out of the record for evidence of the fact. The articles by which this trust was created are, it is true, not on the record, but in a case of [144] this nature, the court feel themselves authorized to examine the question in a broader light, and to receive affidavits to prove the fact. It appears clearly and undeniably that Green was a trustee for the wife, and our opinion is that the release be set aside, and that Green show cause why an attachment should not go against him for this violation of his duty. (*b*)

Motion granted.

(*a*) See *McCullum* v. *Coxe*, 1 *Dallas* 139. Numberless decisions both in England and this country confirm the doctrine laid down in the text. See 1 *Bac. Abr.* 249, (*Wils. edit.*,) where some of the leading cases are collected.

(*b*) See *Legh* v. *Legh*, 1 *Bos. and Pull.* 447, (*Day's edit.*,) and cases cited in the note; 2 *Selw. N. P.* 499, *note* 31, (*Phila. Edit.*)